UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY DAVIS,            Case No. 1:24-cv-433

    Plaintiff,

                                                      McFarland, J.
vs.                                            Bowman, M.J.

LINCOLN CRAWFORD CARE CENTER,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Anthony Davis bring this *pro se* action against Lincoln Crawford Care Center. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable

1

basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint alleges that he was employed by Lincoln Crawford Care Center around or about November 2022. He alleges that he was given more difficult tasks and less desirable schedules than his female co-workers. He then filed a charged of discrimination with the Ohio Civil Rights Commission alleging gender discrimination, hostile work environment and retaliation. Thereafter, he alleges he was fired for failing to follow company policies. Accordingly, the complaint alleges that Lincoln Crawford Care Center discriminated against him based on his gender and also created a hostile work environment. He further alleges that they retaliated against him for filing a charge of discrimination with the Ohio Civil Rights Commission. Plaintiff alleges subject matter jurisdiction based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

Upon careful review, the undersigned finds that Plaintiff's complaint has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. Namely, there is no indication from the complaint that Plaintiff filed a charge

of discrimination with Equal Employment Opportunity Commission (EEOC)[1]. See *Albeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) ("Federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge.").  Furthermore, Plaintiff also fails to reference or attach an EEOC right-to-sue letter, which is a precondition to filing a lawsuit for discrimination under Title VII in federal court. *See* 42 U.S.C. § 2000e-5(f)(1). Accordingly, because Plaintiff's Complaint fails to allege a cognizable federal claim and it appears that Plaintiff has not obtained an EEOC right-to-sue letter, Plaintiff's Complaint is properly dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Additionally, to the extent Plaintiff could seek to invoke the diversity jurisdiction, such jurisdiction is lacking as the complaint identifies all parties as residing in Ohio.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Plaintiff's complaint does attach his Right to Sue Letter from the Ohio Civil Rights Commission.  (See Doc. 1 at p. 8).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANTHONY DAVIS,　　　　　　　　　　　　　Case No. 1:24-cv-433

　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　　McFarland, J.
vs.　　　　　　　　　　　　　　　　　　　　Bowman, M.J.

LINCOLN CRAWFORD CARE CENTER,

　Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5