IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ANTHONY DAVIS, | : | Case No. 1:24-cv-433 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| vs. | : | |
| LINCOLN CRAWFORD CARE CENTER, | : | |
| Defendant. | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. 4)**

This action is before the Court upon the Report and Recommendation ("Report") (Doc. 4) of United States Magistrate Judge Stephanie K. Bowman, to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommends that the Court dismiss the action. Plaintiff filed Objections (Doc. 5) to the Report. Defendant provided no response. The deadline for filing objections has now passed, so the matter is ripe for review.

In his Complaint, Plaintiff alleges gender-based employment discrimination. (Doc. 3, Pg. ID 24.) In the Report, the Magistrate Judge asserts that Plaintiff has failed to state a claim with an arguable basis in law over which this Court has subject matter jurisdiction. (Report, Doc. 4, Pg. ID 31.) Indeed, in his Complaint, Plaintiff only states that he filed an Ohio Civil Rights Commission charge, but does not indicate that he filed a charge with the Equal Employment Opportunity Commission (EEOC). (Compl., Doc. 3, Pg. ID 24.) Without a specific claim based on an EEOC charge, this Court does not have subject

matter jurisdiction over the case. *Albeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998). The Magistrate Judge also points out that Plaintiff did not include a right-to-sue letter from the EEOC, a prerequisite for suing under Title VII in federal court. (Report, Doc. 4, Pg. ID 32; *see also* 42 U.S.C. § 2000e-5(f)(1).)

In his Objections, Plaintiff requests that this Court grant him leave to amend his Complaint and attach his right-to-sue letter from the EEOC. (Objections, Doc. 5, Pg. ID 34-35.) Plaintiff is correct to point out that district courts should hold *pro se* pleadings to "less stringent standards." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That said, even if the Court granted Plaintiff leave to amend his Complaint and attach his EEOC letter, that action would not affect the viability of Plaintiff's claim. Plaintiff's right-to-sue letter, attached to his Objections, states, "[Y]our lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." (Objections, Doc. 5, Pg. ID 38.) The letter was issued on May 20, 2024. (*Id.*) Assuming that Plaintiff received the letter as late as two weeks after its issue date, Plaintiff's 90-day period would have expired in early September 2024. Plaintiff filed his Complaint on September 17, 2024. If the Court were to allow Plaintiff's proposed amended complaint to "relate back" to the date of his original Complaint's filing, it would still exceed the 90-day period outlined in Plaintiff's right-to-sue letter.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Plaintiff's Objections are not well-taken and are accordingly **OVERRULED.** The Court agrees with the Report's findings that Plaintiff's Complaint (Doc. 3) fails to

state a claim upon which relief can be granted. This case shall be **DISMISSED** with **PREJUDICE**. Further, this Court **CERTIFIES** that an appeal of this Order would not be taken in good faith.

    **IT IS SO ORDERED.**

By: _____
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE