UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY DAVIS,

       Plaintiff,                                    Civil Action No. 1:24-cv-00433

     vs.                                         McFarland, J.
                                                        Bowman, M.J.

LINCOLN CRAWFORD CARE CENTER,

       Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's motion for leave to appeal *in forma pauperis* (doc. 10).

Pursuant to 28 U.S.C. § 1915(a)(3), [a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. *See also* Fed. R. App. P. 24(a). Good faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous where the appeal lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

On October 10, 2024, the Court adopted the Report and Recommendation of the Magistrate Judge recommending that Plaintiff's complaint be dismissed with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted (doc. 6). The Court's Order also certified, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the order would not be taken in good faith, and denied Plaintiff leave to

appeal *in forma pauperis*. *Id*. In light of the Court's prior Order, the undersigned herein **RECOMMENDS** that Plaintiff's motion for leave to appeal *in forma pauperis* (doc. 10) be **DENIED**.

Pursuant to Fed. R. App. P. 24(a)(4), Plaintiff may file, within thirty (30) days after service of the District Court's Order adopting this Report and Recommendation, a motion with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). Plaintiff's motion must include a copy of the affidavit filed in the District Court and this Court's statement as to the reasons for denying pauper status on appeal. *Id*.; see Fed. R. App. P. 24(a)(5).

Plaintiff is notified that if he does not file a motion within thirty (30) days of receiving notice of the District Court's decision as required by Fed. R. App. P. 24(a)(5) or fails to pay the required filing fee of $455.00 within this same time period, the appeal will be dismissed for want of prosecution. *Callihan*, 178 F.3d at 804. Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless Plaintiff can demonstrate that he did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5). *Id*.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY DAVIS,

       Plaintiff,                            Civil Action No. 1:24-cv-00433

     vs.                                    McFarland, J.
                                             Bowman, M.J.

LINCOLN CRAWFORD CARE CENTER,

       Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).